IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR ST. JOHNS COUNTY, FLORIDA
CIVIL DIVISION

UNITED SERVICES AUTOMOBILE
ASSOCIATION a/s/o ROBERT JONES,

        Plaintiff,                   Case No: CA21 - 1098

v.

OMEGAFLEX, INC.,

                                      JURY DEMAND

        Defendant.

## COMPLAINT

Plaintiff, UNITED SERVICES AUTOMOBILE ASSOCIATION ("USAA") as subrogee of Robert Jones ("USAA"), appearing by and through its undersigned counsel, as and for its causes of action against the Defendant OMEGAFLEX INCORPORATED ("OmegaFlex"), allege and say as follows:

### PARTIES

1. USAA is a reciprocal interinsurance exchange domiciled in Texas that is an unincorporated association. Its primary address is 9800 Fredericksburg Rd., San Antonio, Texas 78288. USAA has no parent corporation and is not a publicly traded company.

2. At all times material hereto, USAA was authorized to conduct business and issue insurance policies in the State of Florida.

3. Defendant, OmegaFlex, Inc. ("OmegaFlex"), is a Pennsylvania corporation with a principal place of business located at 451 Creamery Way, Exton, Pennsylvania.

4. At all times relevant, OmegaFlex was in the business of manufacturing, selling and distributing, *inter alia*, corrugated stainless steel tubing ("CSST") sold under the brand name of TracPipe CounterStrike.

## COMMON ALLEGATIONS

5. Plaintiff's insured, Robert Jones, was the owner of real and personal property located at 132 Yellow Bill Road, Ponte Vedra Beach, Florida (the "Subject Residence").

6. The Subject Residence was plumbed for natural gas service utilizing TracPipe CounterStrike to transport and convey propane gas from a propane storage tank on the property to a fireplace located in the living room of the Subject Residence.

7. The TracPipe CounterStrike installed in the Jones' home was manufactured by OmegaFlex, Inc.

8. On or about August 5, 2019, a thunderstorm moved into the St. Johns area, accompanied by rain and lightning.

9. During the August 5, 2019 thunderstorm, a lightning discharge hit at or near the Subject Residence.

10. The energy from the lightning discharge migrated to the TracPipe CounterStrike which perforated, releasing propane gas.

11. The heat from the melting event simultaneously ignited the escaping gas, causing a fire ("the fire") which substantially damaged the Subject Residence and the Jones' family's real and personal property and caused the Jones family to lose the use of their home.

12. As a result of the fire, the Jones duly made claims to USAA pursuant to their policy of insurance, and USAA reimbursed the Jones for those claims in the amount of $590,081.40. As

such, USAA is legally, equitably and contractually subrogated to the Jones' claims against any responsible third parties, including defendant OmegaFlex.

**COUNT I**
**NEGLIGENCE- OMEGAFLEX**

13. Plaintiff incorporates the previous paragraphs as though fully set forth herein.

14. At all relevant times, Defendant OmegaFlex owed Plaintiff's insured a duty to use reasonable care in the development, production and marketing of the TracPipe CounterStrike product that was used in the Subject Residence.

15. Defendant OmegaFlex breached its aforesaid duty to the Plaintiff's insureds in one or more of the following ways:

(a) Failing to properly develop the TracPipe CounterStrike product with an adequate exterior skin and coatings so that the product was able to tolerate normal and expected conditions in the environment where it is installed;

(b) Failing to design its TracPipe CounterStrike product with a wall thickness that is capable of withstanding anticipated and foreseeable weather conditions;

(c) Failing to properly inspect and test the design and construction of its product before distributing the product to the public;

(d) Carelessly and negligently advertised its product as a suitable replacement for black iron pipe when it was incapable of withstanding normal and expected conditions in the environment where it was installed;

(e) Failing to warn the Jones of the substantial risk of fire or similar peril presented by the normal use of its product;

(f) Failing to provide the Jones with a product that was capable of withstanding damage to its integrity resulting from expected and typical electrical storms and lightning common to the area;

(g) Failing and/or omitting to do those things necessary to avoid an unreasonable risk of harm to the Jones's real and personal property;

(h) Failing to comply with all other applicable codes, regulations, guidelines, policies, procedures and/or industry customs and/or practices;

      (i)      Failing to issue a post-sale warning of the known deficiencies and dangers associated with its TracPipe CounterStrike product, and;

      (j)      Otherwise failing to exercise due care under the circumstances.

16. As a direct and proximate result of the aforesaid negligent, careless and/or reckless acts and/or omissions, Plaintiff's insureds sustained damage to their real and personal property and incurred expenses directly related to the fire in the amount of $590,081.40, exclusive of interest and costs, for which Defendant OmegaFlex is legally liable.

WHEREFORE, USAA a/s/o Robert Jones, respectfully request that this Court enter judgment in their favor and against Defendant OmegaFlex, Inc. in the amount of $590,081.40, together with pre-judgment interest, and the costs of this action.

## COUNT II
## PRODUCTS LIABILITY-OMEGAFLEX

17. Plaintiff incorporates the previous paragraphs as though fully set forth herein.

18. At all times relevant, OmegaFlex placed into the stream of commerce the subject TracPipe CounterStrike and as such, is strictly liable for any design defects or unreasonably dangerous conditions that existed with respect to the TracPipe CounterStrike piping.

19. The Plaintiff's insureds are in the class of persons that OmegaFlex should have reasonably foreseen as being subject to the harm caused by the defectively designed condition in the TracPipe CounterStrike, as he was the owner of a home with a TracPipe CounterStrike propane gas distribution line, which was sold for the express purpose of being used in residential homes.

20. At all times relevant, OmegaFlex was the seller of the TracPipe CounterStrike incorporated into the Plaintiff's insured's home.

21. The TracPipe CounterStrike was expected to, and did, reach the Subject Residence without substantial alteration in the condition in which it was sold by OmegaFlex.

22. Plaintiff's insureds never used the TracPipe CounterStrike for anything other than its expected manner of use.

4

23. The TracPipe CounterStrike piping was defectively designed and in an unreasonably dangerous condition at the time it left OmegaFlex's possession and control insofar as it was:

(a) Designed so that is was unable to withstand damage to its integrity resulting from electrical storms and lightning;

(b) Defectively designed, in that the TracPipe CounterStrike was too thin to be safely used under anticipated conditions;

(c) Designed so that it was not able to be properly bonded or grounded to withstand electrical energy from lightning storms;

(d) Provided without adequate or appropriate instructions for its safe installation and use;

(e) Provided without adequate warnings of the potential failure in the event of a lightning activity at or near a residential home;

(f) Provided without adequate warnings of the latent dangerous characteristics of its product;

(g) Never tested to determine its ability to withstand anticipated and foreseeable environmental conditions;

(h) Designed defectively in that the TracPipe CounterStrike did not employ safety devices to prevent a fire; and

(i) Was otherwise unreasonably dangerous and defective, when used in forseeable weather conditions.

24. The defective and unreasonably dangerous condition and subsequent catastrophic failure of the TracPipe CounterStrike was the direct and proximate cause of the real and personal property damages in the amount of $590,081.40, exclusive of interest and costs, for which Defendant OmegaFlex is legally liable.

WHEREFORE, USAA a/s/o Gary and Elizabeth Jones, respectfully request that this Court enter judgment in their favor and against Defendant OmegaFlex, Inc. in the amount of $590,081.40, together with pre-judgment interest, and the costs of this action.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues triable as of right by a jury.

                    BAIRD LAW, PLLC

By: *Mark Snelson*
                    Mark Snelson, Esquire
                    1104 Solana Avenue
                    Winter Park, Florida 32789
                    Phone: (407) 906-7615
                    E-mail: mark@baird.law

                    *Attorneys for Plaintiff USAA Insurance Company, as subrogee of Robert Jones*

*OF COUNSEL:*
Mark E. Utke, Esquire
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA  19103
Phone: (215) 665-2164
Fax:    (215) 665-2013
E-mail: mutke@cozen.com

6